IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ANTHONY LEON SUMMERS | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv589 |
| GREG ABBOTT, ET AL. | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Anthony Leon Summers, an inmate at the Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against several defendants. As plaintiff has not paid the required filing fee, he appears to be attempting to proceed with this case on an *in forma pauperis* basis.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Discussion

Title 28 U.S.C. § 1915(g) prohibits prisoners from repeatedly filing frivolous or malicious complaints on an *in forma pauperis* basis. Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on three or more occasions, . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Prior to the date on which he filed this lawsuit, at least five of plaintiff's prior lawsuits or appeals were dismissed as frivolous.[1] As a result, plaintiff may only proceed with this lawsuit on

---

[1] *Summers v. Unidentified Party*, No. 1:03cv459 (E.D. Tex. Mar. 8, 2004) (dismissed as frivolous); *Summers v. Gibson*, No. 1:03cv1406 (E.D. Tex. Jan. 12, 2004) (dismissed as frivolous), *appeal dismissed as frivolous*, No. 04-40101 (5th Cir. Aug. 18, 2004); *Summers v. Goodwell*, No. 4:03cv55 (S.D. Tex. Sept. 24, 2003) (dismissed as frivolous); *Summers v. White*, No. 1:02cv707 (S.D. Tex. Dec. 19, 2002) (dismissed as frivolous).

an *informa pauperis* basis if he was in imminent danger of serious physical harm on the day he filed this lawsuit.

To meet his burden of showing that he is in imminent danger, plaintiff must allege specific facts demonstrating an ongoing physical injury, or a pattern of misconduct that is likely to cause imminent serious physical injury. *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague or conclusory allegations are insufficient to meet plaintiff's burden. *White v. Colorado*, 157 F.3d 1231-32 (10th Cir. 1998). Further, allegations of past harm do not suffice as a basis for an exception to the bar imposed by Section 1915(g). Instead, the harm must be imminent or occurring at the time the complaint or notice of appeal is filed, and the exception refers to "genuine emergencies" where "time is pressing." *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003).

Plaintiff alleges that offenders have been threatened and sexually harassed by officers at the Lewis Unit. He also alleges proper investigations have not been conducted concerning prior assaults and that he has not received adequate medical treatment. Finally, he complains about unsanitary conditions in his cell.

These allegations are serious. However, plaintiff has not supported his conclusory allegations with sufficient specific facts from which the court could conclude he was in imminent danger of serious physical injury at the time he filed this lawsuit. He is therefore barred from proceeding with this lawsuit on an *in forma pauperis* basis.

## Recommendation

This lawsuit should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## Objections

Objections must be (1) specific, (2) in writing, and (3) filed within 14 days after receiving a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual

findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 13th day of June, 2022.

_____
Zack Hawthorn
United States Magistrate Judge