IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ANTHONY LEON SUMMERS | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv589 |
| GREG ABBOTT, ET AL. | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Anthony Leon Summers, proceeding *pro se*, filed the above-styled civil rights lawsuit pursuant to 42 U.S.C. § 1983. Plaintiff is now incarcerated at the Estelle Unit of the Texas Department of Criminal Justice, Correctional Institutions Division. His complaint concerns actions which occurred at the Lewis Unit.

The Court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable orders of this Court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that this case be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Plaintiff filed objections to the Report and Recommendation. The Court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Title 28 U.S.C. § 1915(g) provides if a prisoner previously had three or more cases or appeals dismissed as frivolous, malicious or for failure to state a claim, he may not bring another lawsuit on an *in forma pauperis* basis unless he is under imminent danger of serious physical injuries. Plaintiff has an extensive litigation history. At least five of his prior lawsuits or appeals have been dismissed as frivolous or for failure to state a claim.[1]

---

[1] *Summers v. Unknown Judges*, No. 1:03cv459 (E.D. Tex. Mar. 8, 2004) (dismissed as frivolous); *Summers v. Gibson*, No. 1:03cv1406 (E.D. Tex. Jan. 12, 2004) (dismissed as frivolous), *appeal dismissed as frivolous*, No. 04-40101 (5th Cir. Aug. 18, 2004); *Summers v. Goodwell*, No. 4:03cv55 (S.D. Tex. Sept. 24, 2003) (dismissed as frivolous and for failure to state a claim); *Summers v. White*, No. 1:02cv797 (E.D. Tex. Dec. 19, 2002) (dismissed as

The magistrate judge concluded plaintiff was not subject to an imminent danger of serious physical injury because his allegations, while serious, were conclusory and not supported with sufficient specific facts. As a result, he could not proceed with this case on an *in forma pauperis* basis. In his objections, plaintiff makes reference to being stabbed by an unnamed officer and being sexually assaulted by officers and inmates.

Plaintiff's allegations are troubling. However, his allegations regarding sexual assault, sexual abuse and physical abuse by staff and inmates are vague. Plaintiff is not specific as to when these incidents occurred or which defendants were involved in the conduct. Plaintiff also claims he has been subjected to threatening and harassing language, received improper disciplinary cases, that he filed grievances that were not investigated and was denied medical treatment. While these allegations are serious, they are conclusory and not supported by specific facts from which the Court could conclude plaintiff was in imminent danger of serious physical harm when he filed this case.[2] As a result, the magistrate judge correctly concluded that plaintiff may not proceed with this case on an *in forma pauperis* basis.

## ORDER

Accordingly, plaintiff's objections [Dkt. 19] are OVERRULED. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge [Dkt. 17] is ACCEPTED. A final judgment shall be entered dismissing this lawsuit.

**SIGNED this 15th day of March, 2023.**

Michael J. Truncale
United States District Judge

---

frivolous).

[2] The Court notes that some of the incidents referenced in plaintiff's objections occurred after the date on which his complaint was filed. However, the determination of whether plaintiff may avoid the bar imposed by Section 1915(g) is based on whether plaintiff was in imminent danger of serious physical injury at the time he filed his complaint. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).